## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT STEWART, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A.P.I., INC., API CONSTRUCTION COMPANY, API GROUP, INC., and RONALD PRUETT,<br><br>Defendants. | Civil Action No. 2:21-cv-1788<br><br>*ELECTRONICALLY FILED* |

## NOTICE OF REMOVAL

To:    The Honorable Judges of the United States District Court
         for the Western District of Pennsylvania

Defendants A.P.I., Inc., APi Construction Company, APi Group, Inc., and Ronald Pruett, (collectively "Defendants") in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1332, 1441, and 1446, files this Notice of Removal and removes the action entitled "*Brett Stewart, et al. v. A.P.I., Inc., et al.* GD-21-013598" that was originally filed in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

## BACKGROUND

1.    Plaintiff Brett Stewart commenced this action in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, by filing a Class Action Complaint and Demand for Jury Trial on November 3, 2021. A copy of the Complaint filed by Plaintiff in the state-court action is attached as Exhibit A.

2.     Plaintiff mailed Defendants A.P.I., Inc., APi Group, Inc., and APi Construction Company copies of the Complaint that were received by each Defendant on November 8, 2021.

3.     Defendant Ronald Pruett was personally served with the Complaint by the Allegheny County Sheriff on November 10, 2021.

4.     Defendants have not, to date, filed an answer or other pleading in the Court of Common Pleas of Allegheny County.  Copies of all documents filed at GD-21-013598 are attached as Exhibit B.

## VENUE

5.     The Court of Common Pleas of Allegheny County, where Plaintiff's Complaint was filed, is within this Court's District.  This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER
## BASED ON THE CLASS ACTION FAIRNESS ACT

6.     This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1441(a) which provides, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

7.     Federal district courts have original jurisdiction over class actions when (1) there are at least 100 members of the class; (2) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million (exclusive of interest and costs).  28 U.S.C. § 1332(d).

8.     Plaintiff brings this action on behalf of himself and "all other similarly situated individuals employed by Defendants at the Shell Cracker Plaint at any time within the three years prior to the commencement of this legal action, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week[.]" *See* Exh. A, ¶ 8.

9.     As alleged in Plaintiff's Complaint, "Defendants have employed hundreds of employees for purposes of providing services in connection with the construction of the Shell Cracker Plant." *See* Exh. A, ¶ 14.

10.     Thus, the proposed class meets the 100-member threshold to confer federal jurisdiction.

11.     The named parties satisfy the minimal diversity requirement.  Plaintiff Brett Stewart is a citizen of Pennsylvania.  A.P.I., Inc. is incorporated in Minnesota with its principal place of business in Minnesota.  APi Construction Company operates as a trade name under A.P.I. Inc. with its principal place of business in Minnesota.  APi Group, Inc. is incorporated in Minnesota with its principal place of business in Minnesota.

12.     The amount in controversy exceeds the $5 million requirement.

13.     Plaintiff alleges the class is owed overtime compensation for "compensable work activities performed prior to clocking-in to Defendants' timekeeping system—including but not limited to waiting for a bus at the parking lot assigned by Defendants, riding the bus to the job site, and traveling to the punch clock location."  *See* Exh. A, ¶ 22.

14.     Plaintiff also alleges the class is owed overtime compensation for "compensable work activities performed after clocking-out of Defendants' timekeeping system—including but not limited to traveling from the punch clock location to the bus, waiting for the bus, and riding the bus back to the parking lot as directed by Defendants." *See* Exh. A, ¶ 23.

3

15.    Defendants' work on the Shell Crack Plant project was pursuant to a Project Labor Agreement, that set forth the specific worksite requirements including, *inter alia*, compensable work time.  *See* Exhibit C, Project Labor Agreement, with addendums.

16.    In accordance with the Project Labor Agreement, Plaintiff and the class worked pursuant to a collective bargaining agreement that provided a base wage of $43.07 per hour and additional fringe benefit payments of $30.13 per hour.  *See* Exhibit D, Sheet Metal Workers Local Union No. 12 Industrial Journeyperson rates.

17.    Overtime compensation for each hour of overtime worked, as set by the collective bargaining agreement is $101.26 per hour.

18.    The average amount of time each employee spends on the activities for which Plaintiff alleges he should have received compensation is between 45 minutes and 1 hour and 30 minutes each day.

19.    One additional hour of work for each day over the course of one year at $101.26 per hour would result in approximately $26,325.00 per year for one employee.

20.    As Plaintiff alleges in his Complaint, "hundreds" of employees have worked for Defendants over the past three years and approximately 100 employees continue to work for Defendants on the Shell Cracker Plant project.

21.    Accordingly, based upon Plaintiff's allegations that overtime compensation is owed for the activities alleged, the number of potential class member employees, the number of shifts generally worked per week, and the approximate overtime compensation at issue, plus potential attorney's fees, the amount in controversy exceeds $5 million.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

22.     Based on the dates of Defendants' receipt of the Complaint, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), in that Defendants have removed within 30 days of receipt of the Complaint.

23.     Copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, are attached to this Notice of Removal as Exhibit B, in accordance with 28 U.S.C. § 1446(a).

24.     Upon filing this Notice of Removal, Defendants will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit E (without exhibits).

25.     Defendants file this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendants in any amount.

26.     By filing this Notice of Removal, Defendants do not make any admission of fact, law, or liability, and Defendants expressly reserve the right to raise procedural and/or substantive defenses.

WHEREFORE, Defendants request that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania and direct that the Court of Common Pleas have no further jurisdiction over this matter.

5

JACKSON LEWIS P.C.

*/s/ Terri Imbarlina Patak*
Terri Imbarlina Patak
PA ID No. 65610
terri.patak@jacksonlewis.com
Emily E. Town
PA ID No. 309881
emily.town@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 232-0404
(724) 923-4160 *facsimile*

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLIFFORD MANLEY, | ) | |
| | ) | Civil Action No. 2:21-cv-1788 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL EXPRESS, LLC, | ) | *ELECTRONICALLY FILED* |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via email:

Joseph J. Pass, Esq.
Joseph S. Pass, Esq.
Steven E. Winslow, Esq.
Jubelirer, Pass & Intrieri, P.C.
219 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15222
jjp@jpilaw.com
jsp@jpilaw.com
sw@jpilaw.com

/s/ *Terri Imbarlina Patak*
Terri Imbarlina Patak