IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRETT STEWART, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A.P.I., INC., API CONSTRUCTION COMPANY, and API GROUP, INC.,<br><br>Defendants. | Civil Action No. 2:21-cv-01788-CB<br><br>District Judge Cathy Bissoon |

## ORDER

AND NOW, this 19th day of March 2025, upon consideration of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and Other Relief, Plaintiff's Brief in Support, the accompanying exhibits, and proceedings during the March 19, 2025 Fairness Hearing, it is hereby ordered that said Motion is GRANTED. The Court hereby orders that:

1. The Court certifies a settlement class comprised of Plaintiff, Brett Stewart, and 663 other non-exempt employees who worked for Defendants at the petrochemical facility in Monaca, Pennsylvania being constructed for Shell Chemical Appalachia LLC during any workweek from November 3, 2018 through November 27, 2022.[1] This includes the 660 individuals listed in Exhibit A to the Settlement Agreement, as well as the following four individuals who were inadvertently omitted from the Class List: Christopher E. Blinderman, Terry Ventorini, Errol Copeland, and Yordelis Diaz Garcia. The Court finds the settlement class satisfies the requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and

---

[1] No Class Members sought exclusion from the Settlement Agreement.

adequacy of representation. Likewise, the Court finds the settlement class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) that common questions of law and fact predominate over any questions affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy.

2. Per mutual agreement of the parties, the Court hereby amends the Settlement Agreement to treat Christopher E. Blinderman, Terry Ventorini, Errol Copeland, and Yordelis Diaz Garcia as Class Members subject to all terms of the Settlement Agreement, including but not limited to the release of claims against Defendants. Their Settlement Shares shall be as follows:

    i. Christopher E. Blinderman: $3,666.81

    ii. Terry Ventorini: $2,164.66

    iii. Errol Copeland: $783.55

    iv. Yordelis Diaz Garcia: $1,543.90

3. The Court **APPROVES** the Settlement Agreement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2). Under the terms of the Settlement Agreement, Defendants must pay a gross amount of $1,050,000.00, plus an additional payment covering those payroll taxes and withholdings ordinarily borne by employers on payments to Participating Class Members. Of the gross settlement amount, a Net Settlement Fund of $634,912.37 will be available to paid to Class Members who filed a claim. All unclaimed portions of the Net Settlement Fund and any settlement checks that remain uncashed more than one-hundred twenty (120) days after the initial date of mailing shall be paid as a *cy pres* donation to tax-exempt union apprenticeship training funds. Fifty precent (50%) of the Unclaimed Funds will be donated to the Journeymen Apprentice Training Fund for the Sheet Metal Industry of Western Pennsylvania. The remaining fifty percent (50%) of the Unclaimed Funds will be donated in equal

amounts to the Joint Apprenticeship Training Fund of Heat and Frost Insulators and Allied Workers Union Local 34, the Journeymen Apprentice Training Fund of Sheet Metal Workers Union (SMART) Local 10, and the Joint Apprenticeship Training Fund of Heat and Frost Insulators and Allied Workers Union Local 2.

4. The Court **APPROVES** the payment of a $10,000.00 service award to Plaintiff, Brett Stewart, for his service as a Class Representative.

5. The Court **APPOINTS** the law firm of Jubelirer, Pass & Intrieri, P.C. ("JPI") as Class Counsel. The record demonstrates that JPI is qualified to serve as Class Counsel under the criteria set forth in Federal Rule of Civil Procedure 23(g)(1)(A).

6. The Court **APPROVES** the payment of $350,000.00 in attorneys' fees and $37,087.63 in cost reimbursements to Class Counsel. The attorneys' fees approved by the Court represent one-third of the gross recovery and thus are in line with the benchmark of attorneys' fees that are routinely approved in wage and hour class actions. *See Copley v. Evolution Well Servs. Operating LLC*, 2023 WL 1878581, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023) (approving attorneys' fees representing one-third of a $2,550,000 gross settlement in a wage and hour class action involving claims under the FLSA and PMWA); *see Devlin v. Ferrandino & Son, Inc.*, 2016 WL 7178338, 2016 U.S. Dist. LEXIS 170823 (E.D. Pa. Dec. 9, 2016) (approving attorneys' fees representing one-third of a $1,550,000 gross settlement in a wage and hour class action involving claims under the FLSA and PMWA).

7. The Court **APPROVES** the payment to the Settlement Administrator of its settlement administration fees, which are estimated to be $18,000.00.

8. This action is **DISMISSED WITH PREJUDICE**, but the Court will continue to maintain jurisdiction over enforcement of the Settlement Agreement.

9.  The Parties having expressly represented to the Court that Defendants continue to deny Plaintiff's and the Class Member's claims and allegations, this Order, and all other filings, representations, arguments, and other statements set forth in the Unopposed Motion for Final Approval, the Brief in Support and accompanying exhibits, and any future filings concerning settlement of this matter shall not be used or presented as evidence against Defendants in any proceeding outside of this litigation, except for a proceeding specifically concerning the enforceability of the Settlement Agreement.

BY THE COURT:

*Cathy Bissoon*
Cathy Bissoon
United States District Judge